UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUN CHI and NA CHI,

                                  Plaintiffs,

                      -v-

EVELIO PARAJON and JGM TRUCKING LLC,

                                Defendants.

20 Civ. 9042 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On October 28, 2020, plaintiffs filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court one of the defendants is a limited liability company ("LLC"). The citizenship of an LLC is the citizenship of each of its constituent members. While the complaint alleges that defendant JGM Trucking LLC "is a corporation residing in Hudson County, State of New Jersey," the complaint does not also allege the citizenship of the LLC's members.

To enable the Court to determine whether there is diversity of citizenship, plaintiffs must therefore file an amended complaint, which must allege (1) the citizenship of natural persons who are members of the LLC and (2) the place of incorporation and principal place of business of any corporate entities who are members of the LLC. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). If plaintiffs are unable to amend the complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the

complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiffs must therefore file an amended complaint.

Separately, the complaint alleges that venue is appropriate in this District because the "cause of action arises out of a tort which occurred [on the] George Washington Bridge, State of New Jersey" and that "[v]enue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2)." Under that statute, a civil action may brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). However, plaintiffs' complaint situates the tort entirely in the District of New Jersey, and alleges that each defendant resides in that District. It therefore appears that venue may be proper in that District, not in the Southern or Eastern Districts of New York. Although improper venue does not deprive the Court of subject-matter jurisdiction, the Court advises plaintiffs to consider whether this action is more appropriately filed in the District of New Jersey rather than this Court.

Accordingly, in the interests of justice, the Court grants plaintiffs leave to amend the complaint under Fed. R. Civ. P. 15(a)(2) to (1) allege the citizenships of all members of the LLC; and (2) clarify the basis for venue in this District by **November 9, 2020**.

In the event that plaintiffs intend to move for dismissal without prejudice to enable them to refile this case in a different judicial district, or for transfer to a different district, the Court asks that such an application be filed by the same date.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 30, 2020
New York, New York