UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUN CHI and NA CHI,

                                        Plaintiffs,                  20 Civ. 9042 (PAE)

                           -v-                                                            ORDER

EVELIO PARAJON and JGM TRUCKING LLC,

                                        Defendants.

---

PAUL A. ENGELMAYER, District Judge:

       On October 28, 2020, plaintiffs filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkts. 1, 5. On October 30, 2020, the Court issued an order alerting plaintiffs that the complaint failed to adequately plead diversity because it did not identify the citizenship of defendant JGM Trucking LLC's membership. *See* Dkt. 7. Accordingly, the Court granted plaintiffs leave to amend their complaint to so plead, and further notified them that if they were "unable to amend the complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction." *Id.* at 1–2; *see Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). In addition, the Court noted that the events described in the complaint appeared to have occurred within the District of New Jersey, where defendants reside, and so advised plaintiffs to consider "whether this action is more appropriately filed in the District of New Jersey." Dkt. 7 at 2.

Accordingly, the Court granted plaintiffs leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2), to "(1) allege the citizenships of all members of the LLC; *and* (2) clarify the basis for venue in this District by November 9, 2020." *Id.* at 2 (emphasis added). That order made clear: "To enable the Court to determine whether there is diversity of citizenship, plaintiffs *must therefore file an amended complaint*, which *must* allege" the citizenship of the LLC's members *Id.* (emphasis added). Absent such amendment, the Court warned, "the complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction." *Id.* In addition, the Court instructed plaintiffs that "[i]n the event that plaintiffs intend to move for dismissal without prejudice to enable them to refile this case in a different judicial district, or for transfer to a different district, the Court asks that such an application be filed by the same date." *Id.* at 3.

On November 9, 2020, however, plaintiffs did not file (and still have not filed) an amended complaint. Instead, they solely moved to transfer this action to the District of New Jersey. *See* Dkt. 8. Like the complaint, the affirmation in support of their motion to transfer venue alleged only that "JGM TRUCKING LLC was and still is a corporation residing in Hudson County, State of New Jersey," without identifying any members of the LLC, their citizenship, or—if JGM Trucking LLC is in fact a corporation—its principal place of business and state of incorporation. *Id.* at 4; *see* Dkt. 5 ("Compl.") ¶ 3 ("JGM TRUCKING LLC was and still is a corporation residing in Hudson County, State of New Jersey"). As the Court previously stated, the information contained first in the complaint, and now in the motion to transfer, is an insufficient basis on which to premise its limited subject-matter jurisdiction. *See* Dkt. 7 at 1–2 (absent amendment, "the complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction").

Without subject-matter jurisdiction, the Court is without power to effect the relief plaintiffs seek, *i.e.*, transfer of venue. *See, e.g.*, *Findwhat.Com v. Overture Servs., Inc.*, No. 02 Civ. 447 (MBM), 2003 WL 402649, at *3 (S.D.N.Y. Feb. 21, 2003) ("Before a district court can consider a motion to transfer, it must determine whether it has subject-matter jurisdiction."); *see also Leeds, Morelli & Brown, P.C. v. Hernandez*, No. 05 Civ. 1135 (DLI), 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (collecting cases); *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) ("A court must itself have subject matter jurisdiction over an action before it may transfer that action under § 1404(a)."). Because—despite the Court's instructions and notice—plaintiffs have failed to plead facts sufficient to establish that the Court has subject-matter jurisdiction over this action, the Court is constrained to deny plaintiffs' motion to transfer and dismiss this case without prejudice. To be clear, this dismissal does not make any finding that the named parties are not diverse. It recognizes only that, absent well-pled allegations of diversity, the Court may not order the case to be transferred and instead must dismiss the action. Nor does this dismissal preclude plaintiffs from filing this action anew, with good-faith allegations as to the citizenship of each of JGM Trucking LLC's members, in any court of competent jurisdiction in which venue is proper.

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 13, 2020
      New York, New York